IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH M. HAUSER | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:17-cv-3223 |
| v. | § | |
| | § | JURY |
| SCHNEIDER ELECTRIC USA, INC. and | § | |
| SCHNEIDER ELECTRIC SYSTEMS USA, | § | |
| INC. | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, JOSEPH M. HAUSER ("Hauser" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of SCHNEIDER ELECTRIC USA, INC. and SCHNEIDER ELECTRIC SYSTEMS USA, INC. ("Defendants"), and for cause of action, would show as follows:

### I. INTRODUCTION

1.      This action seeks back pay, front pay, compensatory damages, liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for age discrimination and retaliation suffered by Hauser in the course of his employment with Defendant. Hauser complains that he was discriminated against regarding the terms and conditions of his employment because of his age, that he was placed on a pretextual performance plan as a precursor to discriminatory discharge, and that he was subsequently retaliated against and terminated for engaging in protected activity, specifically retaining an attorney and reporting discrimination to the EEOC. These claims are brought under the Age Discrimination in Employment Act of 1967 (ADEA) and Chapter 21 of the Texas Labor Code (TCHRA). Hauser demands a jury on all issues triable to a jury.

## II. PARTIES

2. Hauser is a citizen of the United States and is currently a resident of Houston, Texas.

3. Defendant Schneider Electric USA, Inc. is an Illinois corporation with its principal place of business at 200 N MARTINGALE RD STE 1000 SCHAUMBURG, IL 60173-2035. Defendant regularly conducts business in this judicial district, including in Houston, Texas. Defendants' registered agent for service of process is the Corporation Service Company, who may be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Schneider Electric Systems USA, Inc. is a Massachusetts corporation with its principal place of business at 38 NEPONSET AVE # C42-13 FOXBORO, MA 02035-2037. Defendant regularly conducts business in this judicial district, including in Houston, Texas. Defendants' registered agent for service of process is the Corporation Service Company, who may be served at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Both Defendants are collectively referred to herein as "Defendants."

## III. JURISDICTION AND VENUE

6. This action is brought under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. and Chapter 21 of the Texas Labor Code. *See* 28 U.S.C. § 1331.

7. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

8. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## IV. PROCEDURAL REQUISITES

9. Hauser filed a Charge of Discrimination (the "Amended Charge") against Defendants under Charge Number 460-2017-03969 with the U.S. Equal Employment Opportunity Commission ("EEOC"). In his Charge, Hauser asserted that Defendants discriminated against his because of his age. Specifically, Hauser asserted that his supervisor made inquiries into when Hauser planned to retire when he reached 62 years of age. When Hauser informed his employer that he had no plans to retire, Defendants began nitpicking and criticizing Hauser's work in an attempt to force him out. Hauser further asserted that he was treated differently than other, younger employees in a way that negatively impacted his employment. Hauser also asserted that he was terminated in response to the bringing of a complaint about age discrimination with his employer <u>prior to</u> the completion of the pretextual performance improvement plan implemented by his employer. Sixty (60) days have passed since the filing of the Charge, thus permitting Hauser to file suit.

10. All conditions precedent to filing this complaint have been met.

## V. FACTS

11. Plaintiff Hauser was hired by Invensys Systems, Inc. ("Invensys") in March of 2010 to serve as a Principal Project Manager.

12. During his employment, Invensys was acquired by Defendants. At that time, Hauser became an employee of Defendants.

13. Hauser's work location for Defendants was located in Webster, Texas.

14. Hauser was born in 1954 and he was 56 years old at the time of his hire.

15. At all times relevant to this complaint, Hauser was an exemplary employee, fully qualified and competent to perform his job duties.

16. As a Principal Project Manager (PPM), Hauser supervised projects relating to industrial process control and safety systems. The clients served included companies in the oil, gas, petrochemical, and power generation industries. Hauser held the Project Management Professional (PMP) certification.[1]

17. Hauser was paid approximately $108,000 per year, plus bonuses and other benefits.

18. In October of 2016, Hauser's direct supervisor, James Austin, inquired about Hauser's retirement plans. Hauser informed Austin that he had no plans to retire. Upon information and belief, Austin is the Territory Delivery Director – South for Defendants.

19. A few weeks after the October 2016 inquiry, Hauser was again asked when he planned to retire. Hauser was asked a third time shortly after the new year (2017). Each time, Hauser made it clear that he had no plans to retire, that he enjoyed his job and that he was a good performer with a proven track record. Defendants did not care for Hauser's response.

20. In early 2017, and after Hauser repeatedly informed his supervisor that he had no plans to retire, Hauser noticed he was subject to increased scrutiny at work. His project decisions were second guessed and complaints were made about incidents that were by all accounts routine and not cause for discipline. For example, Hauser's supervisor complained of issues relating to "professional communication" that occurred months earlier in December 2016 (but after Hauser made it clear he wasn't going to retire). These complaints were without basis and were pretextual in nature.

21. By all accounts, there were no actual changes in Hauser's work performance or adherence to company policy. In fact, Hauser continued to excel in his job performance, saving

---

[1] *See* https://www.pmi.org/certifications/types/project-management-pmp (last accessed October 23, 2017).

Defendants millions of dollars on certain projects. In fact, in April of 2017, Hauser received a raise.

22. On June 27, 2017, Hauser's supervisor James Austin placed Hauser on a 90-day Performance Improvement Plan (PIP). Austin was the same supervisor who had made repeated inquiries about Hauser's plans to retire. The PIP complained of three items which were pretextual in nature, including the communication issue described above.

23. Hauser informed his employer that he disagreed with the PIP and that he believed the PIP was an act of retaliation and made in an attempt to get him to resign or retire.

24. The PIP stated that Hauser had 90 days to improve his performance to "an acceptable level." Hauser continued to be an exemplary employee after initiation of the PIP.

25. When Hauser asked his supervisor to provide detail into what improvement he was expecting, the supervisor would respond vaguely and would never be able to provide detail.

26. For example, the section of the PIP labeled "Job Planning and Documentation" alleges that Hauser "[did not produce] a satisfactory level of project documentation on several projects…" When pressed for details, Hauser's supervisor could not or would not elaborate.

27. The section of the PIP relating to "SGV data accuracy" refers to a company-wide issue involving Defendants' in-house addon software to their SAP system that has never worked properly. Complaints about this system cannot reasonably be attributed to Hauser.

28. Most of Hauser's co-workers, and the individuals who took over his work after he was terminated are all younger. All of Defendants' permanent project managers were younger than Hauser. Upon information and belief, the individual who assumed Hauser's duties is in his thirties.

29. While on the PIP, Hauser retained counsel and filed an EEOC charge of discrimination. Notice of both the legal representation and the EEOC charge was served on Defendants on August 10, 2017. Defendants were also served with an ESI preservation demand.

30. On August 23, 2017, less than two weeks after learning of his EEOC charge, Defendants terminated Hauser. Notably, Hauser was terminated before the completion of the PIP.

31. Despite a diligent and ongoing search for new work, Hauser remains unemployed as of the date of filing of this Complaint.

32. As a direct and proximate result of Defendants' discriminatory and retaliatory conduct, Hauser has suffered damages including, but not limited to, back pay, front pay, mental anguish, attorney's fees, and costs. As of the date of filing, Hauser has only filed a charge of discrimination with the EEOC. However, a second charge will also be filed with the Texas Workforce Commission – Civil Rights Division detailing Defendants' violations of Chapter 21 of the Texas Labor Code (TCHRA). Accordingly, Hauser will seek damages for mental anguish and punitive damages. When a federal claim overlaps with a pendant state claim, the plaintiff is entitled to the maximum amount recoverable under either the federal or state claim. *Cryak v. Lemon*, 919 F.2d 320, 326 (5th Cir. 1990). As shown above, Defendant acted with malice or reckless indifference to Hauser's rights.

## VI. DISCRIMINATION AND RETALIATION UNDER ADEA

33. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

34. Defendant discriminated against Hauser in violation of Age Discrimination in Employment Act of 1967 (ADEA).

Page **6** of **9**

35. Hauser was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of his age over forty.

36. Hauser belongs to a protected class.

37. Hauser was qualified for his position.

38. Hauser was discharged – because of his age, because he opposed discrimination on account of his age, and so that he could be replaced by a younger person.

39. As a result of Defendants' discriminatory actions, Hauser has suffered lost wages and benefits in the past and future, emotional pain and suffering, and mental anguish, all of which were caused by Defendants' treatment of Hauser. In all probability, Hauser will continue to suffer such damages in the future.

40. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the protected rights of Hauser.

## VII. DISCRIMINATION AND RETALIATION UNDER TCHRA

41. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

42. Defendant discharged Hauser, and discriminated against Hauser in connection with compensation or the terms, conditions, or privileges of his employment because of Hauser's age over forty.

43. Further, Defendant limited, segregated, and classified Hauser in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

44. Defendant also retaliated against Hauser when he opposed these discriminatory practices. Upon receipt of notice that Hauser hired counsel and filed a charge of discrimination, he was summarily discharged.

45. There was a causal link between the protected conduct and the adverse employment actions.

## VIII. DAMAGES

46. As a result of Defendants' conduct, Hauser seeks the following relief: (1) back pay, including, but not limited to, his salary, bonuses, and benefits; (2) reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, his salary, bonuses, and benefits; (3) liquidated damages; (3) costs of court and attorneys' fees; (4) mental anguish and emotional distress in the past and future; and (5) punitive damages.

47. Additionally, since Defendants' actions were committed maliciously, willfully, or with reckless indifference to Hauser's protected rights, Hauser is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## IX. JURY DEMAND

48. Hauser requests a trial by jury on issues triable by a jury in this case.

## X. PRAYER

WHEREFORE, Plaintiff Joseph M. Hauser respectfully prays that upon final trial hereof, this Court grant his appropriate back pay, including, but not limited to, his salary, bonuses, and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including his salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for

the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Dated: October 24, 2017

                                             Respectfully submitted,

                                             THE VERDE LAW FIRM, PLLC

                                             /s/ Joshua A. Verde
                                             Joshua A. Verde
                                             attorney-in-charge
                                             State Bar No. 24077590
                                             Fed ID No. 1760723
                                             4600 Highway 6 North, Suite 320
                                             Houston, TX 77084
                                             Phone: 713-909-4347
                                             Fax: 713-588-2431
                                             josh@verde-law.com

                                             ATTORNEY FOR PLAINTIFF
                                             JOSEPH M. HAUSER