IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH M. HAUSER § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-3223 |
| § | |
| SCHNEIDER ELECTRIC USA, INC. AND § | |
| SCHNEIDER ELECTRIC SYSTEMS USA, § | |
| INC. § | |
| § | |
| Defendant. § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Schneider Electric USA, Inc. ("Schneider USA") and Schneider Electric Systems USA, Inc. ("Schneider Systems") (collectively, "Defendants" or "Schneider Electric") file this Original Answer ("Answer") to Plaintiff Joseph M. Hauser's Original Complaint ("Complaint") [Doc. 1].

## LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all averments in the Complaint except the averments expressly admitted below.

## ANSWER TO PLAINTIFF'S ALLEGATIONS

The following responses to Plaintiff's allegations correspond numerically to the numbered paragraphs in the Complaint.

**Answer to:**
### I.   "INTRODUCTION"

1. Defendants admit that Plaintiff seeks relief under the Age Discrimination in Employment Act of 1967 (ADEA) and Chapter 21 of the Texas Labor Code, codifying the Texas Commission on Human Rights Act (TCHRA), as stated in Paragraph 1 of the Complaint, but deny

1

that relief is warranted or, in some instances, available under the facts and/or laws asserted. Defendants deny the factual allegations in Paragraph 1 of the Complaint, and further deny that Plaintiff is entitled to any of the relief sought.

## Answer to:
## II.     "PARTIES"

2.      Defendants are without knowledge or information sufficient to form a belief as to the current truth of the allegations asserted in Paragraph 2 of the Complaint and, therefore, deny same.

3.      Defendants admit that Schneider Electric USA, Inc. is registered to do business and does business in Texas, and its registered agent for service of process is correctly stated. Defendants deny the remaining factual allegations of Paragraph 3 of the Complaint.

4.      Defendants admit that Schneider Electric Systems USA, Inc. is a Massachusetts corporation registered to do business and doing business in Texas, including Houston, and its registered agent for service of process in Texas and principal business address is correctly stated. Defendants deny the remaining factual allegations of Paragraph 4 of the Complaint.

5.      Paragraph 5 contains no factual averments to which any answer is required.

## Answer to:
## III.    "JURISDICTION AND VENUE"

6.      Paragraph 6 contains no factual averments to admit or deny; Defendants admit that Plaintiff purports to assert federal and state claims under the ADEA and the TCHRA, respectively.

7.      Defendants admit that 28 U.S.C. § 1391(b)(2) confers venue with respect to the allegations as stated in Paragraph 7 of the Complaint, but denies any unlawful employment practices occurred.

8. Paragraph 8 asserts no factual averments to admit or deny. Defendants admit subject-matter jurisdiction in this Court for the federal ADEA claims asserted, but deny subject-matter jurisdiction under the Complaint as to the TCHRA claims. Defendants further deny that Defendant Schneider USA is or ever has been Plaintiff's employer.

**Answer to:**
**IV.    "PROCEDURAL REQUISITES"**

9. Defendants admit, upon information and belief, that Plaintiff filed a Charge Number 460-2017-03969 with the Equal Employment Opportunity Commission ("EEOC"). Defendants deny the factual assertions of sentences two through five set out in Paragraph 9, except to admit that Plaintiff's performance warranted the administration of a performance improvement plan. The final sentence of Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiff completed procedural requisites to filing suit.

10. Paragraph 10 states a legal conclusion to which no response is required. However, to the extent a response is required, Defendants deny that all conditions precedent to filing the Complaint are met.

**Answer to:**
**V.    "FACTS"**

11. Defendants admit on information and belief that Invensys Systems, Inc. ("Invensys") hired Plaintiff on or around March 2010 in a project manager role. Defendants are without knowledge at this time to admit or deny the remaining factual allegations of Paragraph 11 of the Complaint, and therefore deny same.

12. Defendants deny the allegations set out in Paragraph 12 of the Complaint; Defendants admit that, in connection with the 2014 acquisition of Invensys plc by a Schneider

Electric affiliate that is not a defendant, Plaintiff and a number of other Invensys employees ultimately became employees of Defendant Schneider Systems. Defendants deny Schneider USA ever employed Plaintiff.

13. Defendants admit the primary work address for Invensys and Schneider Systems in the Houston area is Webster, Texas, that Plaintiff worked from that address for Schneider Systems unless assigned to client facilities, and deny Schneider USA maintained any Webster, Texas office or employed Plaintiff in any capacity. All other allegations of Paragraph 13 are denied.

14. Upon information and belief, Defendants admit Plaintiff was born in 1954; Defendants deny the remaining factual allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny what work Plaintiff performed for Schneider Systems, and therefore denies the allegations set out in Paragraph 16. Defendant Schneider Systems admits that the job duties and industries specified in Paragraph 16 were among the job duties and industries generally served by Schneider Systems project managers. Defendants deny the remaining allegations of Paragraph 16.

17. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 17, and therefore denies same. Defendant Schneider Systems admits that Hauser was paid a salary, benefits and had the opportunity for bonuses, denies the salary, benefits, and bonuses remain the same throughout Plaintiff's employment, and therefore denies the remainder of the allegations in Paragraph 17 of the Complaint.

18. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 18, and therefore denies same. Defendant

Schneider Systems admits that James Austin was Hauser direct supervisor in October 2016, and denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 20, and therefore denies same. Defendant Schneider Systems admits that Plaintiff's performance and project decision engendered complaints, including (for example) that Plaintiff failed to engage in "professional communication," and denies the remaining allegations in Paragraph 20 of the Complaint.

21. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 21, and therefore denies same. Defendant Schneider Systems admits that Plaintiff received a minimal wage increase in 2017 and denies the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 22, and therefore denies same. Defendant Schneider Systems admits Plaintiff's performance resulted in a Performance Improvement Plan expecting immediate improvement to be sustained over a 90-day review period, and denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 23, and therefore denies same. Defendant Schneider Systems admits Hauser did not agree with the PIP and denies the remaining allegations in Paragraph 23 of the Complaint.

24. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 24, and therefore denies same. Defendant

Schneider Systems admit that the PIP specified a 90-day period during which Plaintiff's performance would be reviewed for acceptable improvement, and denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 25, and therefore denies same. Defendant Schneider Systems denies the allegations in Paragraph 25 of the Complaint.

26. Defendants admit that the PIP section labeled "Job Planning and Documentation," states Plaintiff did "not produc[e] a satisfactory level of project documentation on several projects…," and deny the remainder of the allegations in Paragraph 26 of the Complaint.

27. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 27, and therefore denies same. Defendant Schneider Systems denies the allegations in Paragraph 27 of the Complaint.

28. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 28, and therefore denies same. Defendant Schneider Systems is without knowledge to admit or deny the allegations set out in Paragraph 28, and therefore denies same.

29. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 29, and therefore denies same. Defendant Schneider Systems is without sufficient information to form a belief as to the truth of the allegations in Paragraph 29 regarding whether Plaintiff retained counsel, filed an EEOC Charge, ore were served with an ESI preservation demand, and therefore denies these allegations. Defendants deny the remainder of the allegations in Paragraph 29 of the Complaint.

30. Defendant Schneider USA did not employ Plaintiff and is without knowledge to admit or deny the allegations set out in Paragraph 30, and therefore denies same. Defendant Schneider Systems denies the allegations set out in Paragraph 30, and specifically denies that a PIP is a promise of continued employment, as Plaintiff's Complaint implies.

31. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and therefore, deny same.

32. Paragraph 32 asserts legal and procedural conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

**Answer to:**

## VI.    "DISCRIMINATION AND RETALIATION UNDER ADEA"

33. Defendants incorporate their responses to Paragraphs 1-32 of Plaintiff's Complaint as if fully restated here.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 contains a legal conclusion to which no response is required.

37. Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

**Answer to:**
**VII.   "DISCRIMINATION AND RETALIATION UNDER TCHRA"**

41. Defendants incorporate their responses to Paragraphs 1-40 of Plaintiff's Complaint as if fully restated here.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 contains a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 45 of the Complaint.

**Answer to:**
**VIII.   "DAMAGES"**

46. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 46 of the Complaint, and further deny that such relief is available.

47. Defendants deny the allegations in Paragraph 47 of the Complaint and further deny that Plaintiff is entitled to the relief requested in Paragraph 47.

**Answer to:**
**IX.   "JURY DEMAND"**

48. Defendant admits that Plaintiff has requested a jury trial, but denies that a jury is available for all issues.

**Answer to:**
**X.   "PRAYER"**

49. Defendants acknowledge that Plaintiff is seeking the relief described in the unnumbered, "PRAYER" portion of his Complaint, but Defendants deny that Plaintiff has presented any meritorious claims and further denies that he is entitled to any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pleading further, if such is necessary, Defendants state the following defenses and affirmative defenses to Plaintiff's Complaint (but do not assume the burden of proof on any defenses unless required by law as to the particular defense asserted).

1. As to Schneider USA, Plaintiff fails to state a claim for which relief may be granted because Schneider USA never employed Plaintiff, a status necessary for liability under the statutes per which Plaintiff seeks relief.

2. The claims asserted against Schneider USA are frivolous, groundless or without foundation, and subject to an award of attorneys' fees to Schneider USA pursuant to *Christiansburg Garment Co. v EEOC*, 434 U.S. 412, 421 (1978); *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) and parallel Texas law.

3. As to Schneider Systems, Plaintiff fails, in whole or part, to state a claim for which relief may be granted because Plaintiff fails to plead predicates to relief that are mandatory as to the relief sought.

4. The claims asserted against Schneider Systems are frivolous, groundless or without foundation, and subject to an award of attorneys' fees to Schneider USA pursuant to *Christiansburg Garment Co. v EEOC*, 434 U.S. 412, 421 (1978); *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001) and under Texas law, because Plaintiff cannot state a prima facie case as the majority of Plaintiff's duties were undertaken by someone older than Plaintiff, because Plaintiff's employment with Invensys from 2010 forward until his employment terminates with Schneider Systems is replete with documented performance issues, contrary to Plaintiff's pleadings, and because Plaintiff's performance issues are legitimate, non-pretextual grounds for discharge with no evidence of pretext.

5. Plaintiff's employment with Schneider Systems was terminated for legitimate, non-discriminatory, business reasons, unrelated to Plaintiff's age.

6. Plaintiff's claims are barred because Schneider Systems acted at all times in compliance with applicable laws and undertook employment decisions regarding Plaintiff in good faith and on reasonable grounds with the belief that its actions complied with the law.

7. Defendants have engaged in no act, practice, policy, custom, or usage, which has denied, abridged, withheld, limited, or otherwise interfered with Plaintiff's rights.

8. Alternatively, to the extent Plaintiff may show that an unlawful intent was a motivating factor in any decision made by Schneider Systems regarding his employment, which Schneider Systems denies, Schneider Systems still would have made the same decision for other, legitimate, non-discriminatory and non-retaliatory reasons.

9. No act or omission of Defendants proximately caused Plaintiff any damages.

10. Plaintiff's own acts or omissions caused or contributed to his own injuries.

11. To the extent applicable, Plaintiff's claimed workplace injuries are preempted by the exclusive remedy provisions of the Texas Workers Compensation Act.

12. Plaintiff is required to make an election of remedies as he is precluded from pursuing claims under both statutes asserted.

13. Alternatively, to the extent applicable, Plaintiff's claims are barred in whole or in part because Defendants did not direct ,authorize, or ratify any action on the part of any Defendants' manager or employee, and/or any complained-of actions on the part of other Defendants' employees and/or managers were outside the course and scope of employment with Defendants, were not done for the accomplishment of any of the objections for which he or she

was employed, were not within his or her authority, were not done in furtherance of Defendants' business, and were contrary to Defendants' good faith effort to comply with the law.

14. Alternatively, to the extent applicable, Plaintiff's claims are barred, in whole or in part, because he failed to mitigate claimed damages, compensatory and non-compensatory.

15. Alternatively, to the extent applicable, Defendants assert the doctrine of offset of damages through mitigation, interim earnings from alternative employment, and collateral income sources, such as unemployment compensation payments or other employment or work that Plaintiff could or should have obtained.

16. Alternatively, to the extent applicable, Plaintiff cannot recover damages for any period during which he was unwilling or unable to work.

17. Alternatively, to the extent applicable, Schneider Systems exercised reasonable care to prevent and correct promptly any discriminatory behavior and upon information and belief, Plaintiff unreasonably failed to take advantage of corrective opportunities provided by Schneider Systems or to avoid harm.

18. To the extent applicable, Defendants assert the doctrines of estoppel, waiver, avoidable consequences, and unclean hands to bar Plaintiff's bad faith claims in whole or in part.

19. To the extent applicable, Plaintiff's claims are barred by the doctrine of after-acquired evidence.

20. Alternatively, punitive damages are not recoverable because unlawful conduct, if any exists, was contrary to Defendants' good faith efforts to comply with applicable laws.

21. Alternatively, to the extent applicable, Plaintiff's claims are barred in whole or in part to the extent that any of the acts complained of occurred outside of the applicable statute(s) of limitations.

22. Alternatively, to the extent applicable, Plaintiff's claims are barred in whole or in part to the extent that Plaintiff failed to timely perfect or exhaust statutory remedies.

23. Alternatively, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff asserts claims that are outside the scope of government charge filings, and/or to the extent Plaintiff has failed to exhaust or perfect mandatory, jurisdictional and/or administrative remedies.

24. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to report any alleged discrimination prior to the filing of this lawsuit.

25. Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent that such damages violate Defendants' rights and privileges under the Constitution of the United States of America and the Constitution of the State of Texas.

26. Plaintiff's claims for damages are subject to applicable statutory caps.

27. Defendants reserve the right to amend or supplement any affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in the case.

WHEREFORE, Defendants Schneider Electric USA, Inc. and Schneider Electric Systems USA, Inc. each pray that judgment be rendered in their favor against Plaintiff, dismissing the claims and demands asserted in Plaintiff's Complaint, with prejudice. Further, Defendants each pray that they be awarded costs, including attorney's fees, incurred in defending this action and for all general and equitable relief to which they may be entitled.

Respectfully submitted,

OF COUNSEL:

Lariza Hebert
FISHER & PHILLIPS LLP
Texas Bar No. 24098287
Southern District ID No. 2944441
lhebert@fisherphillips.com
910 Louisiana Street, Suite 4000
Houston, Texas  77002
(713) 292-0150 [Main]
(713)-292-5603 [Direct]
(713) 292-0151 [Facsimile]

*/s/ Teresa Valderrama*
Teresa Valderrama
Texas State Bar No. 20422500
Southern District ID No. 10687
FISHER & PHILLIPS LLP.
910 Louisiana Street, Suite 4000
Houston, Texas  77002
(713) 292-5616 [Direct]
(713) 292-0151 [Facsimile]
tvalderrama@fisherphillips.com

ATTORNEY-IN-CHARGE FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Original Answer to Plaintiff's Original Complaint* was filed on January 26, 2017 in accordance with the e-filing protocols of the United States District Court for the Southern District of Texas and therefore has been served via the Court's CM/ECF system to Plaintiff through her counsel listed below:

Joshua A. Verde
The Verde Law Firm, PLLC
Texas State Bar No. 24077590
Southern District ID No. 1760723
(713) 909-4347 [Phone]
josh@verde-law.com

ATTORNEY FOR PLAINTIFF

*/s/ Teresa Valderrama*
ATTORNEY FOR DEFENDANTS